UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AHTWANA MARIE SMITH,

                    Plaintiff,

          -v-

YANDY SMITH HARRIS, et al.,

                    Defendants.

21 Civ. 571 (PAE)

ORDER TO AMEND

---

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff Ahtwana Marie Smith ("Smith") brings this action *pro se*, invoking the Court's diversity jurisdiction. Smith paid the filing fees for this action.  For the following reasons, the Court grants Smith leave to file an amended complaint within 60 days of the date of this order.

I.        **Applicable Legal Standards**

          A.        **Dismissal of Complaint**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16–17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject-matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## B.   Subject-Matter Jurisdiction

The subject-matter jurisdiction of the federal district courts is limited.  Federal

jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when

plaintiff and defendant are citizens of different states and the amount in controversy exceeds the

sum or value of $75,000, 28 U.S.C. 1332.  "[A]ny party or the court *sua sponte*, at any stage of

the proceedings, may raise the question of whether the court has subject matter jurisdiction."

*Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983);

*see Ruhrgas AG*, 526 U.S. at 583 ("[S]ubject-matter delineations must be policed by the courts

on their own initiative . . . .").  "If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### 1.   Federal-Question Jurisdiction

To invoke federal-question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case arises under

federal law if the complaint "establishes either that federal law creates the cause of action or that

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law."  *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).  Smith does not invoke

the Court's federal-question jurisdiction, and the facts alleged in the complaint do not suggest

any claim arising under federal law.  The Court therefore cannot exercise federal question

jurisdiction over this matter.

### 2.   Diversity Jurisdiction

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the

plaintiff and the defendant are citizens of different states.  *Wis. Dep't of Corr. v. Schacht*,

524 U.S. 381, 388 (1998).  In addition, the plaintiff must allege to a "reasonable probability" that

the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See*

28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221

(2d Cir. 2006).

"An individual's citizenship, within the meaning of the diversity statue, is determined by

his domicile." *Johnson v. Smithsonian*, 4 F. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*,

232 F.3d 88, 42 (2d Cir. 2000)). A corporation is a citizen of both the State where it is

incorporated and the State where it has its "nerve center," usually its headquarters. *Hertz Corp. v.*

*Friend*, 559 U.S. 77, 93 (2010). A limited liability corporation ("LLC") "takes the citizenship of

each of its members" for diversity purposes. *Bayerische Landesbank v. Aladdin Cap. Mgmt.*

*LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

## II.       Discussion

Here, Smith asserts that the complaint arises under the Court's diversity jurisdiction and

alleges that Smith is a citizen of New York. Dkt. 1 ("Compl.") at 10. Smith names numerous

defendants: Reform Alliance, John Ancrum, Atlantic Records, Joey C. Brown, Maino Jermaine

Coleman, Sean Combs, Damon Dash, Milano Di Rouge, Camron Giles, Leonard Grant, Jiton

Green, Mendeecee Harris, Yandy Smith Harris, Torrei Hart, Daniel Henry, Curtis Jackson,

Joseph G. Jones, MMG, Onika T. Maraj, Floyd Mayweather, NYCDEE III Chance II Bar &

Grill, Nanticoke City P.D., Rema Townsend, Roc Nation, Carlton Roper, Rachel Roy, Shabazz

The OG, Michelle Smalls, Sharhonda Smith, "The mother of uncle murder last 2 boys," Water

10027, Robert Williams, and Tom Wolf. But Smith has not pled facts about the citizenship of

any defendants, and thus has not satisfied the burden of showing that the Court has subject-

matter jurisdiction over this matter.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Moreover, a district court should grant a plaintiff an opportunity to amend a complaint "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987); *Pearson v. Reid-Robinson*, 632 F. App'x 19 (2d Cir. 2016) (noting that a district court must "determine whether [a nondiverse defendant] was an indispensable party before dismissing [a *pro se* plaintiff's] complaint without leave to amend") (citing Fed. R. Civ. P. 19(a)(1)). The Court therefore grants Smith leave to amend the complaint to plead facts showing that the Court has subject-matter jurisdiction over this case.

The Court notes, however, that even if Smith files an amended complaint over which the Court has subject-matter jurisdiction, the Court has the authority to dismiss a complaint if it determines that the action is frivolous. *Fitzgerald*, 221 F.3d at 363–64. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

**LEAVE TO AMEND**

Smith is granted leave to amend the complaint to plead facts showing diversity or federal question-jurisdiction and to detail the claims set forth in the complaint. In the statement of claim of the amended complaint, Smith must provide a short and plain statement of the relevant facts

4

supporting each claim against each defendant named in the caption.  Smith is also directed to

provide the addresses for any named defendants.  To the greatest extent possible, Smith's

amended complaint must:

    a)  give the names and titles of all relevant persons;

    b)  describe all relevant events, stating the facts that support Smith's case including what each defendant did or failed to do;

    c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

    d)  give the location where each relevant event occurred;

    e)  describe how each defendant's acts or omissions violated Smith's rights and describe the injuries Smith suffered; and

    f)  state what relief Smith seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Smith's amended complaint must tell the Court: who violated

Smith's rights; what facts show that Smith's rights were violated; when such violation occurred;

where such violation occurred; and why Smith is entitled to relief.  Because Smith's amended

complaint will completely replace, not supplement, the original complaint, any facts or claims

that Smith wishes to maintain must be included in the amended complaint.

## CONCLUSION

Smith has consented to electronic service of documents.  Dkt. 2.  Smith is granted leave

to file an amended complaint that complies with the standards set forth above.  Smith must

submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of

this order, caption the document as an "Amended Complaint," and label the document with

docket number 21-CV-0571 (PAE).  An Amended Complaint form is attached to this order.

No summons will issue at this time.  If Smith fails to comply within the time allowed and cannot

show good cause to excuse such failure, the complaint will be dismissed for lack of subject

matter jurisdiction.

      The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      SO ORDERED.

Dated:    January 26, 2021
          New York, New York

                                            PAUL A. ENGELMAYER
                                            United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

_____

**COMPLAINT**

_____

Do you want a jury trial?
☐ Yes      ☐ No

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 3

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name            Middle Initial        Last Name

_____

Street Address

_____

County, City                    State            Zip Code

_____        _____

Telephone Number                Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                          Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                          Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                          Zip Code

Defendant 4: _____

          First Name                   Last Name

         _____

         Current Job Title (or other identifying information)

         _____

         Current Work Address (or other address where defendant may be served)

         _____

         County, City               State           Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.