UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AHTWANA MARIE SMITH,

                         Plaintiff,

       -v-

YANDY SMITH HARRIS et al.,

                        Defendants.

21 Civ. 571 (PAE)

ORDER OF DISMISSAL

---

PAUL A. ENGELMAYER, District Judge:

Plaintiff Ahtwana Marie Smith ("Smith") brings this action *pro se*, invoking the Court's diversity jurisdiction. *See* Dkt. 1. On January 26, 2021, the Court directed Smith to amend her complaint to plead facts showing that the Court has subject matter jurisdiction of this action. Dkt. 5 ("January Order"). On March 29, 2021, Smith filed an amended complaint, Dkt. 7 ("AC"), and the Court has carefully reviewed it. For the following reasons, the Court dismisses the complaint.

**I.**     **Background**

Smith brings suit against numerous public figures, including the rap artist Curtis Jackson III, known as 50 Cent; rap artist Robert Rihmeek Williams, known as Meek Mill, and his mother (sued as "Ms. Harris"); Damon Dash ("Dash"), co-founder with the rap artist known as Jay-Z of Roc-A-Fella; and others (the "defendants").

Smith indicates in her amended complaint that her claims against the defendants arise "online, at [her] place of employment, [and at] her home." AC at 5. The incidents alleged took place from August 1, 2014 "to present, every day of the week 7 days a week 365 days a year." *Id.* Defendants "have been stalking [Smith's] entire family," including family members with whom Smith has had no contact for years. *Id.* Defendants "50 Cent" and Dash are allegedly

infatuated with and "fixated" on Smith's life and the lives of her grandchildren. "[T]hey became so fixated and preoccupied with [Smith's] life that they decided to do TV series, movies and write books [about her] life." *Id.* at 10.

In February 2019, Smith was fired from her job in Pennsylvania when the owner "received a disturbing message in regards to [Smith's] employment." *Id.* at 6. Smith's employer told Smith that the "state w[ould] be contacted" unless Smith's employment was terminated. *Id.*

According to Smith, defendant Dash, an executive with Roc Nation whom she has never met, allegedly "lured [Smith's] nephew . . . to California with the plan of having him murdered [in] February 2019." *Id.* Smith further alleges that Dash sent two individuals (Michelle Smalls and Joseph G. Jones) "to stalk [her] grandchildren." *Id.*

Smith notes that she "will receive medical treatment in the future." She seeks $150 million and an order that the rapper Meek Mill "find someone else to stalk." *Id.*

## II. Applicable Legal Standards

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines, *inter alia*, that the action is frivolous or that the Court lacks subject-matter jurisdiction. *See Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16–17 (2d Cir. 1995) (per curiam) (Court of Appeals has inherent authority to dismiss frivolous appeal)); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (distinguishing between dismissal for frivolousness and under Rule 12(b)(6)); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (subject-matter jurisdiction must be found before a consideration of the merits of a case). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (emphasis in original)).

### A.  Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see Ruhrgas AG*, 526 U.S. at 583 ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### 1.  Federal-Question Jurisdiction

To invoke federal-question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734–35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Smith does not invoke the Court's federal-question jurisdiction, *see* AC at 2, and her amended complaint does not allege facts indicative of any claim arising under federal law. The Court therefore cannot exercise federal question jurisdiction over this matter.

3

### 2. Diversity Jurisdiction

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

"An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 F. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted) (defining domicile as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning")). An individual may have multiple residences, but "[a]t any given time, a person has but one domicile." *Palazzo*, 232 F.3d at 42. A corporation is a citizen of both the State where it is incorporated and the State where it has its "nerve center," usually its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). A limited liability corporation ("LLC") "takes the citizenship of each of its members" for diversity purposes. *See Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

## III. Discussion

On January 26, 2021, the Court notified Smith that she had failed to plead facts sufficient to show that the parties were of diverse citizenship and that it was therefore unclear whether the Court had diversity jurisdiction over this matter under 28 U.S.C. § 1332. The Court granted Smith an opportunity to plead facts about the citizenship of each defendant and to drop any dispensable defendant whose presence destroyed diversity jurisdiction. January Order at 4; *see*

4

*Pearson v. Reid-Robinson*, 632 F. App'x 19, 19 (2d Cir. 2016) (holding that federal courts generally must grant a plaintiff an opportunity "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship") (quoting *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987)). However, the Court also cautioned that even if Smith pled subject-matter jurisdiction, the Court had the authority to dismiss the complaint if the action was frivolous. January Order at 4.

For diversity purposes, an individual is a citizen of the State where she is domiciled. *See Johnson*, 4 F. App'x at 70. Smith's amended complaint does not plead facts about where each defendant is domiciled. Instead, she alleges generally that the defendant is a citizen of "New Jersey/California," without specifying to which of the more than a dozen defendants this refers. AC at 3. Smith also appears to allege that Yandy Smith, and Curtis Jackson, also known as 50 Cent, are incorporated under the laws of "California, New Jersey, and Georgia," *id.*, even though these defendants are individuals, not corporations. Having failed to plead facts as to the citizenship of each defendant, Smith thus fails to plead facts sufficient to carry her burden of alleging complete diversity of citizenship. *See Hertz*, 559 U.S. at 96 ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend and has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, it would be futile to allow Smith another opportunity to amend her complaint again to plead facts about the citizenship of each defendant. That is because, even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474–75, Smith's claims are wholly

5

implausible, and it appears that there is no coherent legal theory on which she can rely. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court therefore declines to grant Smith another opportunity to amend her complaint and dismisses the action for lack of subject matter jurisdiction. The dismissal is, of course, without prejudice to Smith's right to file a separate lawsuit with a proper basis for asserting federal jurisdiction.

## CONCLUSION

Smith's complaint is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: October 6, 2021
      New York, New York